People v Smith (2019 NY Slip Op 00482)





People v Smith


2019 NY Slip Op 00482


Decided on January 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-11632

[*1]People of State of New York, respondent,
v
Jonathan Smith, appellant.


Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Michelle Kaszuba of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated October 6, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court granted the People's application for an upward departure from the presumptive risk level two to risk level three. The defendant appeals from the order designating him a level three sex offender.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure from the presumptive risk level two to risk level three. The People presented clear and convincing evidence of aggravating circumstances, including the defendant's escalating history of sexual misconduct, of a kind or to a degree not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (see People v Ragabi, 150 AD3d 1161, 1161-1162). Upon determining the existence of these aggravating factors, the court providently exercised its discretion in granting the People's application for an upward departure.
MASTRO, J.P., LEVENTHAL, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court