People v Clark (2019 NY Slip Op 01109)





People v Clark


2019 NY Slip Op 01109


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-03397

[*1]People of State of New York, respondent,
v
Taarik Clark, appellant.


Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated February 21, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Where, as here, the People sought an upward departure from the defendant's presumptive risk level, they were required to identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines, and prove the facts in support of the aggravating factor by clear and convincing evidence (see SORA: Risk Assessment Guidelines and Commentary [2006]; People v Brown, 163 AD3d 727; see also People v Gillotti, 23 NY3d 841, 861). "Once this burden is satisfied, the court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an underassessment of the offender's actual risk to the public" (People v Ragabi, 150 AD3d 1161, 1161; see People v Gillotti, 23 NY3d at 861).
Here, in light of the number of victims involved, the seriousness of the crimes, and the defendant's lack of insight into the seriousness of the crimes, we agree with the Supreme Court's determination that there were aggravating factors not adequately taken into account by the SORA Guidelines (see People v Rotunno, 117 AD3d 1019; People v DeDona, 102 AD3d 58). In particular, although the defendant was assessed points under risk factor 3 for having three or more victims, this does not fully account for the fact that he communicated with and sent explicit photos to at least 25 minors using an instant messenger application. Further, the risk assessment instrument does not take into account transmitting explicit images to a victim (see People v DeDona, 102 AD3d at 69). Accordingly, upon making this determination, the court providently exercised its discretion in granting the People's application for an upward departure from the presumptive sex offender risk level (see People v Rotunno, 117 AD3d 1019).
In light of our determination, we need not address the defendant's remaining contention.
DILLON, J.P., ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court