Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County (DiMango, J.) dated March 12, 2012, as, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant was convicted of criminal sexual act in the first degree, stemming from sexual misconduct that he committed against a minor. The defendant was initially assessed a total risk factor of 90 points by the New York State Board of Examiners of Sex Offenders (hereinafter the Board), thereby presumptively classifying him as a level two sex offender. At the hearing held pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court subtracted from the Risk Assessment Instrument (hereinafter the RAI) 20 points that the Board had assessed under the factor entitled “duration of offense conduct with victim,” and added 15 points under the “drug or alcohol abuse factor” and 10 points under the “conduct while confined/supervised” factor. This resulted in the assessment of 95 points to the defendant, which still placed him presumptively at level two. The People sought an upward departure to level three, relying on documents from a prior proceeding that demonstrated that the defendant had sexually abused two children in addition to the minor whose victimization led to the defendant’s conviction. The Supreme Court classified the defendant as a level three sex offender, and a sexually violent offender.
*1018 The record on appeal demonstrates, and the People correctly concede, that the Supreme Court erroneously assessed 15 points under the “drug or alcohol abuse” factor, and 10 points under the “conduct while confined/supervised” factor. Subtracting these points from the defendant’s total score on the RAI places him, presumptively, at level one. Nevertheless, the court’s classification of the defendant as a level three sex offender was justified. The People proved by clear and convincing evidence that the defendant had engaged in sexual misconduct with children other than the child whose victimization led to the defendant’s conviction. This constituted aggravating factors of a kind not otherwise taken into account by the guidelines that warranted an upward departure to level three (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Wyatt, 89 AD3d 112, 123 [2011]; People v Duart, 84 AD3d 908, 909 [2011]; People v Smith, 78 AD3d 805, 806 [2010]; People v White, 25 AD3d 677 [2006]). Accordingly, the defendant was properly adjudicated a level three sex offender (see People v Duart, 84 AD3d at 909; People v Fiol, 49 AD3d 834 [2008]).
Mastro, J.P, Skelos, Cohen and LaSalle, JJ., concur.