■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE MONTES, Appellant. [21 NYS3d 637]—

Appeal by the defendant from an order of the Supreme Court, Kings County (DiMango, J.), dated February 27, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In determining the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court improperly assessed him 20 points under risk factor 7, based on his relationship as a foster parent to the two victims. The evidence demonstrated that the defendant was the step-grandfather of the two female victims, and had access to them both before and after becoming a foster parent. The People failed to establish, by clear and convincing evidence, that the defendant established or promoted the foster parent relationship with his step-granddaughters for the primary purpose of victimization (*see People v Stein*, 63 AD3d 99, 101-102 [2009]; Sex Offender Registration Act: Risk Guidelines and Commentary [hereinafter SORA Guidelines] at 12 [2006]). Accordingly, the court should not have assessed the defendant 20 points under risk factor 7. Removing those 20 points reduces his point total to 100, rendering him a presumptive level two sex offender.

However, the Supreme Court properly determined, in the alternative, that an upward departure from a level two to a level three designation was warranted. The SORA Guidelines

did not adequately take into account the egregious and abhorrent nature of the defendant's sexual abuse of his stepgranddaughters, which began, at the latest, when they were the ages of three and five, respectively, and the defendant's perception that his stepgranddaughters had initiated the sexual activity with him (*see People v Botindari*, 107 AD3d 1607 [2013]; *People v Carbone*, 89 AD3d 1392, 1393 [2011]; *People v May*, 77 AD3d 1388 [2010]; *People v Mantilla*, 70 AD3d 477 [2010]; *People v Frosch*, 69 AD3d 699 [2010]). Accordingly, under these circumstances, the defendant was properly adjudicated a level three sex offender. Hall, J.P., Austin, Roman and Barros, JJ., concur.