THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEPHEARD JACKSON, Appellant. [31 NYS3d 598]—

Appeal by the defendant from an order of the County Court, Nassau County (O'Brien, J.), dated October 3, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court making a risk level determination pursuant to the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law § 168-n [3]) must "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the County Court did not issue an order setting forth its findings of fact and conclusions of law. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Davis*, 130 AD3d 598, 599 [2015]).

The defendant failed to preserve for appellate review his contention that the County Court violated his right to due process by holding his SORA risk assessment hearing in his absence without first informing him of the consequences of failing to appear (*see People v Sorto*, 124 AD3d 744, 744 [2015]; *People v Wall*, 112 AD3d 900, 901 [2013]). In any event, the defendant's contention is without merit. The defendant was notified of his right to a SORA hearing, at which he would be represented by counsel, as well as the purpose and date of the hearing, and was adequately apprised of the consequences of failing to appear. In response to the court's notices, the defendant sent multiple signed, handwritten letters to the court, which indicated that he understood his right to a hearing and the consequences of failing to appear, but that he did not wish to appear at the hearing. Under the circumstances, the defendant forfeited his right to be present at the hearing, and the County Court properly proceeded with the hearing in his absence (*see People v Wall*, 112 AD3d at 901; *cf. People v Jackson*, 94 AD3d 961, 962 [2012]).

An upward departure is permitted only if the court concludes "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]; see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Gabriel, 129 AD3d 1046, 1047 [2015]). Here, contrary to the defendant's contention, the County Court properly determined that the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the Guidelines, namely, his prior history of sexual misconduct (see People v DeJesus, 117 AD3d 1017, 1018 [2014]). Upon determining the existence of this aggravating factor, the County Court providently exercised its discretion in granting the People's application for an upward departure (see People v LaPorte, 119 AD3d 758, 758 [2014]).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the defendant was properly designated a level three sex offender. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.