■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ZILIOX, Appellant. [44 NYS3d 132]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated July 16, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant argues that the County Court erred in designating him a level three sex offender based on an upward departure from level two. An upward departure is permitted only if the court concludes that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Jackson*, 139 AD3d 1031, 1032 [2016]; *People v Gabriel*, 129 AD3d 1046 [2015]). After such a factor is identified, and after the facts supporting the existence of the factor have been proved by clear and convincing evidence, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*People v Gillotti*, 23 NY3d at 861).

Here, contrary to the defendant's contention, the County Court properly determined that the People presented clear and convincing evidence in the form of reliable hearsay (*e.g. People v Sincerbeaux*, 27 NY3d 683 [2016]; *People v Mingo*, 12 NY3d 563 [2009]) proving the existence of an aggravating factor not adequately taken into account by the Guidelines, namely, that the defendant engaged in sexual misconduct with a child other than the child whose victimization led to the defendant's conviction (*see People v Jackson*, 139 AD3d 1031 [2016]; *People v DeJesus*, 117 AD3d 1017, 1018 [2014]). The court properly

weighed the proof concerning the defendant's prior sexual misconduct against proof offered by the defendant in support of mitigation, and properly exercised its discretion in determining that to place the defendant at level two would constitute an under-assessment of the defendant's dangerousness and risk of sexual recidivism (*see People v Gillotti*, 23 NY3d at 861).

We note, in particular, that the predicate offense involved an incestuous crime committed against a child, the defendant's own daughter, and that the prior offenses referred to above, which were committed many years earlier, and which evidently did not result in any criminal prosecution, also involved a victim who was a child, that is, the defendant's own sister. There was thus clear and convincing evidence that the defendant had engaged in sexual misconduct with his sister, who was a child other than the child (his daughter), whose victimization led to the predicate conviction (*see People v Lightaul*, 138 AD3d 1256 [2016]; *People v Montes*, 134 AD3d 1083 [2015]; *People v DeJesus*, 117 AD3d at 1018; *People v Beames*, 100 AD3d 1163 [2012]).

In light of our determination, we need not review the People's remaining contention.

Accordingly, the County Court properly designated the defendant a level three sex offender. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.