■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FEHD RAGABI, Also Known as FEHD ABDUL RAGABI, Appellant. [52 NYS3d 655]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated September 29, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

At a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed a total of 85 points, thereby presumptively classifying him as a level two sex offender. The People argued, among other things, that the Supreme Court should upwardly depart from the presumptive risk level to risk level three. The court granted the People's application for an upward departure based upon, inter alia, the escalating nature of the defendant's sexual misconduct. We affirm.

An aggravating factor that may support an upward departure from an offender's presumptive risk level "is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level" calculated on the risk assessment instrument (*People v Wyatt*, 89 AD3d 112, 121 [2011]; *see People v DeDona*, 102 AD3d 58, 68 [2012]). Where, as here, the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument, and prove the facts in support of the aggravating factor by clear and convincing evidence (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v DeDona*, 102 AD3d at 68; *People v Wyatt*, 89 AD3d at 121; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). Once this burden is satisfied, the court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an underassessment of the offender's actual risk to the public (*see People v Gillotti*, 23 NY3d at 861; *People v DeDona*, 102 AD3d at 68; *People v Wyatt*, 89 AD3d at 121, 123).

Here, the Supreme Court properly determined that the People presented clear and convincing evidence of an aggravat-

ing factor not adequately taken into account by the Guidelines, namely, his escalating history of sexual misconduct (*see People v Ziliox*, 145 AD3d 925, 925 [2016]; *People v Davis*, 139 AD3d 1226, 1228 [2016]; *People v Jackson*, 139 AD3d 1031, 1032 [2016]; *People v DeJesus*, 117 AD3d 1017, 1018 [2014]). Upon determining the existence of this aggravating factor, the court providently exercised its discretion in granting the People's application for an upward departure (*see People v Ziliox*, 145 AD3d at 925; *People v Davis*, 139 AD3d at 1228; *People v Jackson*, 139 AD3d at 1032; *People v DeJesus*, 117 AD3d at 1018).

In light of the foregoing, we need not reach the defendant's remaining contention. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.