People v Michaux (2018 NY Slip Op 00182)





People v Michaux


2018 NY Slip Op 00182


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-00049

[*1]People of State of New York, respondent, 
v
Jerome Michaux, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Matthew J. Arpino on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Steven A. Bender and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 2, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted upon his plea of guilty of two counts of course of sexual conduct against a child in the first degree relating to repeated sexual acts against his two biological daughters. The conduct with respect to the younger daughter commenced when she was seven years old and extended over a period of more than five years.
The Board of Examiners of Sex Offenders determined that the defendant was presumptively a level two sex offender based upon the assessment of 100 points against him. The defendant did not contest his point assessment or presumptive risk level. However, the People requested an upward departure from the defendant's presumptive risk level to risk level three, on the ground that the defendant sexually abused his own children, with whom he cohabitated as a father figure, in their home. The Supreme Court granted the People's request for an upward departure and designated the defendant a level three sex offender.
As noted by the Court of Appeals in People v Gillotti (23 NY3d 841, 861), a court must follow three analytical steps to determine whether to order a departure from the presumptive risk level indicated by the points assessment made pursuant to the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006; hereinafter Guidelines). First, "the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [G]uidelines" (People v Gillotti, 23 NY3d at 861). Second, the court must decide whether the party seeking the departure has adduced sufficient evidence to meet its burden of proof establishing the alleged aggravating or mitigating factor (see id.). In this case, the People were seeking an upward departure and were required to establish the aggravating factor by clear and convincing evidence (see id. at 861-862). If the party seeking the departure surmounts the first two steps, "the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the [*2]defendant's dangerousness and risk of sexual recidivism" (id. at 861).
The upward departure in this case was based upon the defendant's relationship with the victims. Risk factor 7 of the Guidelines provides for the assessment of 20 points if the victim was a stranger or a "person with whom a relationship had been established or promoted for the primary purpose of victimization," or if the offense "arose in the context of a professional or avocational relationship" (Guidelines at 12). The fact that the victims were the defendant's biological daughters was not taken into account by the Guidelines (see People v Mantilla, 70 AD3d 477). The defendant's incestuous relationship with his two daughters, one of whom was only seven years old when the abuse began, warranted an upward departure from his presumptive risk level to risk level three (see People v Ziliox, 145 AD3d 925).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court