People v Perdomo (2018 NY Slip Op 01948)





People v Perdomo


2018 NY Slip Op 01948


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-11229

[*1]People of State of New York, respondent,
v Julio Perdomo, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy Sini, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated September 20, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree. The victim was a child under the age of 13 years. In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant's score on the risk assessment instrument was within the range for a presumptive designation as a level two sex offender. However, the People successfully requested an upward departure from the defendant's presumptive risk level, and the defendant appeals.
An upward departure is permitted only if the court concludes that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). After such a factor is identified, and after the facts supporting the existence of the factor have been proved by clear and convincing evidence, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, contrary to the defendant's contention, the County Court properly determined that the People presented clear and convincing evidence in the form of reliable hearsay (see e.g. People v Sincerbeaux, 27 NY3d 683; People v Mingo, 12 NY3d 563), proving the existence of aggravating factors not adequately taken into account by the Guidelines, namely, that the defendant engaged in sexual misconduct with two additional children (see People v Ziliox, 145 AD3d 925; People v DeJesus, 117 AD3d 1017, 1018). Accordingly, the court providently exercised its discretion in granting the People's application for an upward departure and properly designated the defendant a level three sex offender.
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court