People v Santos (2018 NY Slip Op 02350)





People v Santos


2018 NY Slip Op 02350


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-07866

[*1]People of State of New York, respondent,
v Alexander Santos, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated June 5, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant contends that the County Court erred in designating him a level two sex offender based on an upward departure from level one. "An upward departure is permitted only if the court concludes that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines'" (People v Jackson, 139 AD3d 1031, 1032, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; citing People v Gillotti, 23 NY3d 841, 861; see People v Gabriel, 129 AD3d 1046). After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, there was "reliable hearsay evidence" (People v Sincerbeaux, 27 NY3d 683, 687; see People v Mingo, 12 NY3d 563; People v Ziliox, 145 AD3d 925) that proved, by clear and convincing evidence, a prior history of sexual misconduct (see People v Jackson, 139 AD3d 1031, 1032) that was not accounted for on the risk assessment instrument, and which, by itself, justified the upward departure (see People v Jackson, 139 AD3d 1031, citing People v DeJesus, 117 AD3d 1017, 1018). The County Court properly weighed the evidence concerning the defendant's prior sexual misconduct, and providently exercised its discretion in determining that a level one designation would constitute an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 841, 861). Accordingly, the court properly designated the defendant a level two sex offender.
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court