People v Auger (2018 NY Slip Op 04764)





People v Auger


2018 NY Slip Op 04764


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-06281

[*1]People of State of New York, respondent, 
v
Bruce Auger, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated May 15, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in granting the People's application for an upward departure from the presumptive risk level two designation, to risk level three. The People demonstrated by clear and convincing evidence that there were aggravating factors not adequately taken into account by the Sex Offender Registration Act guidelines (see Correction Law § 168-l[5]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4). In particular, in addition to the fact that the defendant previously was diagnosed as a pedophile, the People presented clear and convincing evidence that the defendant had a history of domestic violence against the victim's mother and a subsequent paramour, and that he had threatened the victim that he would kill her and her mother if she disclosed the abuse (see People v Winfield, 122 AD3d 488, 489; People v Jones, 114 AD3d 550, 551; People v Frosch, 69 AD3d 699, 699-700; People v James, 45 AD3d 555, 556). The People also presented clear and convincing evidence that the defendant had given the victim alcohol prior to some of the abuse, and that he had engaged in sexual misconduct with other children than the one whose victimization led to the defendant's convictions (see People v Ziliox, 145 AD3d 925, 926; People v DeWoody, 127 AD3d 831, 832; People v DeJesus, 117 AD3d 1017, 1018). The court providently exercised its discretion in concluding that the totality of the circumstances warranted a departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861; People v Johnson, 11 NY3d 416, 421).
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court