People v Suarez (2018 NY Slip Op 05346)





People v Suarez


2018 NY Slip Op 05346


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2014-06449

[*1]People of State of New York, respondent,
v
Miguel Suarez, appellant.


The Legal Aid Society, New York, NY (Ronald Alfano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Ann Donnelly, J.), dated June 25, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing an offender's appropriate risk level under the Sex Offender Registration Act (see Correction Law art 6-C), "[t]he People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see People v Mingo, 12 NY3d 563, 571).
Contrary to the defendant's contention, the People established by clear and convincing evidence that he was armed with a dangerous instrument during one of the instances of sexual misconduct forming the basis for his conviction, warranting the assessment of 30 points under risk factor 1 (see People v Sincerbeaux, 27 NY3d 683, 688; People v Dash, 111 AD3d 907, 908; People v Hines, 24 AD3d 524, 525).
Where, as here, the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument (herinafter RAI), and prove the facts in support of the aggravating factor by clear and convincing evidence (see People v Ragabi, 150 AD3d 1161, 1161; see also People v Gillotti, 23 NY3d 841, 861). "Once this burden is satisfied, the court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an underassessment of the offender's actual risk [*2]to the public" (People v Ragabi, 150 AD3d at 1161; see People v Gillotti, 23 NY3d at 861).
Here, the People established that the extended duration of the sexual misconduct and the defendant's intent to rape the victim were aggravating factors not adequately taken into account by the RAI (see People v Davis, 130 AD3d 598, 600; People v Lucius, 122 AD3d 819, 819; see also People v Robinson, 150 AD3d 775, 775-776), and the Supreme Court providently exercised its discretion in granting the People's application for an upward departure, designating him as a level three sex offender.
The defendant's application for a downward departure was properly denied (see People v Curthoys, 77 AD3d 1215, 1217; see also People v Grubbs, 107 AD3d 771, 773; cf. People v Stevens, 55 AD3d 892, 894).
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court