People v Bailey (2020 NY Slip Op 05786)





People v Bailey


2020 NY Slip Op 05786


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-09032

[*1]People of State of New York, respondent,
v
Dehaina Bailey, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated June 18, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 90 points, which corresponded with a designation as a presumptive level two sex offender. The court then granted the People's request for an upward departure and designated the defendant a level three sex offender. The defendant appeals.
The defendant contends that the Supreme Court erred in designating him a level three sex offender based on an upward departure from level two. "An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Lavelle, 172 AD3d 1568, 1569 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; People v Jackson, 139 AD3d 1031, 1032; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). "After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Santos, 160 AD3d 673, 673, quoting People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, there was "reliable hearsay evidence" (People v Sincerbeaux, 27 NY3d 683, 688; see People v Mingo, 12 NY3d 563; People v Santos, 160 AD3d at 674; People v Ziliox, 145 AD3d 925) that proved, by clear and convincing evidence, a prior history of sexual misconduct (see People v Santos, 160 AD3d at 674; People v Jackson, 139 AD3d at 1032) that was not accounted for on the risk assessment instrument and that justified the upward departure (see People v Santos, 160 AD3d at 674; People v Jackson, 139 AD3d at 1032). [*2]Accordingly, the Supreme Court providently exercised its discretion in determining that a level two designation would constitute an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861), and we agree with the court's determination to designate the defendant a level three sex offender.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court