People v Hightower (2021 NY Slip Op 04768)





People v Hightower


2021 NY Slip Op 04768


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-04563

[*1]People of State of New York, respondent,
v
Frederick Hightower, appellant.


Patricia Pazner, New York, NY (Patty C. Walton of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard L. Buchter, J.), dated March 11, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 65 points, which corresponded with a designation as a presumptive level one sex offender. The court then granted the People's request for an upward departure and designated the defendant a level two sex offender. The defendant appeals.
An upward departure from a presumptive risk classification is permitted when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 861; People v Jackson, 139 AD3d 1031, 1032; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Santos, 160 AD3d 673, 673, quoting People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, there was "reliable hearsay evidence" (People v Sincerbeaux, 27 NY3d 683, 687; see People v Mingo, 12 NY3d 563; People v Santos, 160 AD3d at 674; People v Ziliox, 145 AD3d 925) that proved, by clear and convincing evidence, a prior history of sexual misconduct (see People v Santos, 160 AD3d at 674; People v Jackson, 139 AD3d at 1032) that was not accounted for on the risk assessment instrument and justified the upward departure (see People v Santos, 160 AD3d at 674; People v Jackson, 139 AD3d at 1032). While the [*2]defendant's prior offenses are not classified as "sex crimes" for purposes of scoring on the risk assessment instrument, there was a sexual component to a 1999 conviction of attempted assault in the third degree, which involved the defendant, who was working as a security guard, inappropriately touching two 11-year-old girls at a playground. Moreover, the Supreme Court was not limited solely to consideration of the crimes of which the defendant was convicted (see Guidelines at 5; People v Sincerbeaux, 27 NY3d at 688-689; People v McClendon, 175 AD3d 1329, 1330; People v Fowara, 128 AD3d 932, 933; People v Snay, 122 AD3d 1012, 1013).
Further, the Supreme Court providently exercised its discretion in determining that a level one designation would constitute an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 841), and properly designated the defendant a level two sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court