People v Rodriguez (2022 NY Slip Op 01189)





People v Rodriguez


2022 NY Slip Op 01189


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE,
WILLIAM G. FORD, JJ.


2020-05780

[*1]The People of the State of New York, respondent,
v
Jimmy Rodriguez, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Lauren A. Jaeb of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated July 13, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted criminal sexual act in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C), the County Court assessed the defendant a total of 60 points on the risk assessment instrument, which corresponded with a designation as a presumptive level one sex offender. The court granted the People's request for an upward departure, and, in an order dated July 13, 2020, designated the defendant a level two sex offender. The defendant appeals.
An upward departure from a presumptive risk classification is permitted when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 861; People v Jackson, 139 AD3d 1031, 1032; People v Wyatt, 89 AD3d 112, 121). "After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Santos, 160 AD3d 673, 673, quoting People v Gillotti, 23 NY3d at 861; see People v Bailey, 187 AD3d 951, 952).
Contrary to the defendant's contention, the County Court properly granted the People's application for an upward departure from the presumptive risk level. Here, in light of the brutality of the defendant's conduct in his commission of the underlying crimes, including the prolonged nature of the incident in which the defendant committed three separate sexual assaults of the victim over the course of approximately three months, as well as the documented history of the defendant's domestic violence with respect to the same victim and his nonadherence to prior orders of protection in favor of other victims, we agree with the court's determination that there were aggravating facts not adequately taken into account by the risk assessment guidelines (see People [*2]v Clark, 197 AD3d 668, 669; People v Sandy, 173 AD3d 915, 916; People v Amorin, 164 AD3d 1483, 1483-1484). Further, the court providently exercised its discretion in determining, after weighing the aggravating and mitigating factors, that the totality of the circumstances warranted an upward departure to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 841) and properly designated the defendant a level two sex offender.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court