People v Torres (2022 NY Slip Op 02823)

People v Torres

2022 NY Slip Op 02823

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2020-01786

[*1]The People of the State of New York, respondent, 
v
Jose Torres, appellant. 

Patricia Pazner, New York, NY (Iskuhi Grigoryev of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Melissa Wachs of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated February 5, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2003, in Okaloosa County, Florida, the defendant was convicted, upon a jury verdict, of lewd or lascivious molestation and lewd or lascivious conduct. The defendant was sentenced to two consecutive terms of imprisonment of 10 years. After his release, the defendant relocated to Brooklyn. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 45 points under the risk assessment instrument, granted the People's application for an upward departure from the defendant's presumptive level one risk designation, and designated him a level two sex offender. The defendant appeals.
As the underlying purpose of SORA is to protect the public from sex offenders, "an accurate determination of the risk a sex offender poses to the public is the paramount concern" (People v Mingo, 12 NY3d 563, 574). "Where the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the [SORA] Guidelines, and prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Murgo, 185 AD3d 974, 974; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the People meet this burden, the court must then "'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Barnes, 189 AD3d 1273, 1274, quoting People v Gillotti, 23 NY3d 841, 861; see People v Samuels, 199 AD3d 1034; People v Bailey, 187 AD3d 951).
Contrary to the defendant's contention, there was reliable hearsay evidence establishing, by clear and convincing evidence, that the defendant had a prior history of sexual misconduct that was not accounted for in the Guidelines, and which justified an upward departure (see People v Bailey, 187 AD3d 951; People v Santos, 160 AD3d 673; People v Perdomo, 159 AD3d [*2]931; People v Ziliox, 145 AD3d 925). Specifically, the evidence demonstrated that in addition to the victim, the defendant had engaged in prior sexual misconduct with other teenage girls who were family members (see People v Auger, 162 AD3d 1082, 1083). This prior sexual misconduct, while uncharged, nonetheless constituted an appropriate aggravating factor for purposes of an upward departure as it was not accounted for in the Guidelines (see People v Patel, 192 AD3d 1052, 1053; People v DeWoody, 127 AD3d 831, 832). Contrary to the defendant's further contention that he poses a low risk of reoffense warranting a level one risk designation, he failed to identify a mitigating factor not adequately taken into account by the Guidelines (see People v Samuels, 199 AD3d at 1036-1037). In any event, the purported mitigating factors cited by the defendant were outweighed by the aggravating factor of the prior sexual misconduct (see People v Waters, 198 AD3d 1024, 1026).
Accordingly, the Supreme Court providently exercised its discretion in concluding that the totality of the circumstances warranted an upward departure from the defendant's presumptive level one risk designation, and in designating him a level two sex offender.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court