People v Ortner (2022 NY Slip Op 05873)

People v Ortner

2022 NY Slip Op 05873

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-07838

[*1]People of State of New York, respondent,
v
Andrew Ortner, appellant. Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Brian R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated August 26, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, inter alia, of attempted sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 50 points, which corresponded with a designation as a presumptive level one sex offender. The court then granted the People's request for an upward departure and designated the defendant a level two sex offender. The defendant appeals.
"An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Lavelle, 172 AD3d 1568, 1569 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; People v Jackson, 139 AD3d 1031, 1032; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Santos, 160 AD3d 673, 673, quoting People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, there was reliable hearsay evidence, including a sworn victim statement and the defendant's own statement (see People v Sincerbeaux, 27 NY3d 683, 687; People v Mingo, 12 NY3d 563; People v Santos, 160 AD3d at 674; People v Ziliox, 145 AD3d 925), that proved, by clear and convincing evidence, a prior incident of sexual misconduct (see People v Santos, 160 AD3d at 674; People v Jackson, 139 AD3d at 1032) that was not accounted for on the risk assessment instrument (hereinafter RAI) and which, by itself, constituted an aggravating factor (see People v Santos, 160 AD3d at 674; People v Jackson, 139 AD3d at 1032). [*2]While the defendant's 2016 conviction of disorderly conduct is not classified as a "sex crime" for purposes of scoring on the RAI, there was a sexual component to the offense, which involved the defendant inappropriately touching a woman over her clothes and exposing his penis to her (see People v Hightower, 197 AD3d 742, 743-744; People v Gabriel, 129 AD3d 1046). Moreover, the Supreme Court was not limited solely to consideration of the crimes of which the defendant was convicted (see Guidelines at 5; People v Sincerbeaux, 27 NY3d at 688-689; People v McClendon, 175 AD3d 1329, 1330; People v Fowara, 128 AD3d 932, 933; People v Snay, 122 AD3d 1012, 1013). As such, the court properly found that an aggravating factor existed that was not otherwise adequately taken into account by the Guidelines and that such factor was supported by clear and convincing evidence.
Contrary to the defendant's contention, the mitigating factors he identified at the SORA hearing did not, under the circumstances, warrant a denial of the People's request for an upward departure. Weighing all of the appropriate factors, the Supreme Court providently exercised its discretion in determining that the totality of the circumstances warranted an upward departure to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
The parties' remaining contentions either are not preserved for appellate review or need not be reached in light of our determination.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court