People v Davidson (2022 NY Slip Op 51231(U))

[*1]

People v Davidson (Dwayne)

2022 NY Slip Op 51231(U) [77 Misc 3d 131(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-334 K C

The People of the State of New
York, Respondent,
against
Dwayne Davidson, Appellant. 

New York City Legal Aid Society (Tomoeh Murakami Tse of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Morgan J. Dennehy and Daniel
Berman of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Kings County
(Abena Darkeh, J.), dated January 24, 2020. The order, after a hearing, designated
defendant a level two sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
In the underlying criminal action, defendant was convicted of forcible touching
(Penal Law § 130.52 [1]). At the risk assessment hearing pursuant to the Sex
Offender Registration Act (Correction Law art 6-C; hereinafter SORA), defendant was
assessed a total of 50 points, thereby presumptively classifying him as a level one sex
offender. Defendant did not challenge the total points assessed in the Risk Assessment
Instrument (RAI). In assessing 30 points under risk factor 9 (number and nature of prior
crimes), the evidence submitted by the People at the SORA hearing consisted of, among
other things, defendant's long criminal history, which included a 2017 conviction for
forcible touching (Penal Law § 130.52 [1]) and a 2018 conviction for public
lewdness (Penal Law § 245.00). Upon the People's request for an upward departure,
the court found that the prior forcible touching and public lewdness convictions were not
adequately taken into account in the RAI, since these convictions demonstrated
defendant's pattern of sexual [*2]behavior within a short
period of time, and that defendant had committed the underlying forcible touching
offense while he was on probation for the 2018 public lewdness conviction. The court
granted the People's request for an upward departure and, by order dated January 24,
2020, the Criminal Court designated defendant a level two sex offender. The court
denied defendant's request for a downward departure.
On appeal, defendant challenges the court's upward departure to a risk level two
designation as improper because his prior convictions for forcible touching in 2017 and
public lewdness in 2018 were already adequately taken into account by the SORA
Guidelines. Moreover, defendant argues, the court should not have considered the prior
2017 conviction for forcible touching because it was not a "[s]ex offense" as defined
under Correction Law § 168-a (2) (c) (ii), as he had not previously been convicted
of forcible touching prior to 2017. Furthermore, since the prior forcible touching
conviction made the underlying forcible touching conviction a registerable event, it
constituted impermissible double counting when it was considered by the court in
granting the People's request for an upward departure. Additionally, defendant argued
that the court should have granted his request for a downward departure because he had
been living in the community for five months without any arrests and has a favorable
employment history. 
In rendering its determination, the Criminal Court did not set forth in a written order
its "findings of fact and conclusions of law on which [its] determinations [were] based"
(Correction Law § 168-n [3]); rather, its findings were made orally at the SORA
hearing. However, remittal is not required as the record is sufficient for this court to
make its own findings of fact and conclusions of law (see People v Finizio, 100
AD3d 977 [2012]; People v Harris, 93 AD3d 704 [2012]).
In seeking an upward departure, the People must identify an aggravating factor that
tends to establish a higher likelihood of reoffense or danger to the community not
adequately taken into account by the RAI, and prove the facts in support of the
aggravating factor by clear and convincing evidence (see People v Gillotti, 23
NY3d 841, 861 [2014]; People v DeDona, 102 AD3d 58 [2012]; People v
Wyatt, 89 AD3d 112 [2011]; see also Sex Offender Registration Act: Risk
Assessment Guidelines and Commentary at 4 [2006]). The court may, in its discretion,
choose to upwardly depart if the People have met their burden (see Gillotti, 23
NY3d at 861; DeDona, 102 AD3d at 68; Wyatt, 89 AD3d at 121).
While a conviction of forcible touching is not a sex offense for registration purposes
unless it is preceded by an earlier forcible touching conviction (see Correction
Law § 168-a [2] [c] [iii]), both the forcible touching and public lewdness
convictions are misdemeanor sex crimes and are already accounted for under risk factor 9
(see Sex Offender Registration Act: Risk Assessment Guidelines and
Commentary at 13 [2006]; Penal Law § 130.52; People v Mott, 195 AD3d
756 [2021]; People v Perez, 162 AD3d 1083 [2018]). 
Nevertheless, the Criminal Court properly determined that the People presented clear
and [*3]convincing evidence of an aggravating factor not
adequately taken into account by the Guidelines, namely, defendant's escalating history
of sexual misconduct in a short period of time (see People v Smith, 168 AD3d
1006, 1007 [2019]; People v Ragabi, 150 AD3d 1161, 1162 [2017]; People v
Ziliox, 145 AD3d 925 [2016]; People v Davis, 139 AD3d 1226, 1228
[2016]; People v Jackson, 139 AD3d 1031 [2016]). Moreover, when defendant
committed the underlying forcible touching offense, he was on probation for the 2018
conviction of public lewdness, which constituted an aggravating factor that was not
adequately taken into account in the RAI and the Guidelines, as it established a higher
likelihood of reoffense or danger to the community (see People v Almonte, 171
AD3d 660 [2019]).
We find no basis to grant defendant's request for a downward departure, as the
purported mitigating factors cited by defendant, including his employment history and
living in the community for five months without any incidents, were either adequately
taken into account by the Guidelines (see Smith, 168 AD3d at 1007;
Ragabi, 150 AD3d at 1162; Ziliox, 145 AD3d 925; Davis, 139
AD3d at 1228; Jackson, 139 AD3d 1031) or were outweighed by aggravating
factors presenting a risk of future recidivism (see People v Waters, 198 AD3d
1024, 1026 [2021]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2022