People v Burkhardt (2023 NY Slip Op 01810)

People v Burkhardt

2023 NY Slip Op 01810

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2021-03407

[*1]The People of the State of New York, respondent,
v
Michael Burkhardt, appellant. 

Brill Legal Group, P.C., Hempstead, NY (David Gray of counsel), for appellant.
Raymond Tierney, District Attorney, Riverhead, NY (Karla Lato and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated April 28, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of kidnapping in the second degree and endangering the welfare of a child. After a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court granted the People's application for an upward departure from the defendant's presumptive risk level one designation, and designated the defendant a level three sex offender. The defendant appeals.
"An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument" (People v DeDona, 102 AD3d 58, 68 [internal quotation marks omitted]; see People v Jackson, 209 AD3d 880; People v Ortner, 209 AD3d 884; People v Wyatt, 89 AD3d 112, 121). Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor "of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861; People v Shim, 139 AD3d 68, 76; People v Wyatt, 89 AD3d at 123). The People must prove the facts in support of the aggravating factor by clear and convincing evidence, and "[o]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public" (People v DeDona, 102 AD3d at 68; see People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d at 123).
Here, the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the Guidelines, namely, that the defendant committed uncharged crimes of a sexual nature or engaged in prior sexual misconduct (see People v Torres, 204 AD3d 1048, 1049; People v Woodson, 156 AD3d 832, 833; People v Ziliox, 145 AD3d 925; People v DeWoody, 127 AD3d 831, 832). Further, the Supreme Court providently exercised its discretion in concluding that the totality of the circumstances warranted an upward departure from the [*2]presumptive risk level one designation (see People v Gillotti, 23 NY3d at 861).
In light of our determination we need not reach the defendant's remaining contention.
Accordingly, the defendant was properly designated a level three sex offender.
LASALLE, P.J., BARROS, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court