People v Melycher (2024 NY Slip Op 05579)

People v Melycher

2024 NY Slip Op 05579

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-04646

[*1]The People of the State of New York, respondent,
v
William Melycher, appellant. Margaret M. Walker, Poughkeepsie, NY (Seth J. Gallagher of counsel), for appellant.

Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Jessica Z. Segal, J.), dated September 9, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On June 2, 2011, the defendant was convicted, upon a plea of guilty, of five counts of use of a child less than 17 years of age in a sexual performance (Penal Law § 263.05). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court, after a hearing, assessed the defendant 80 points on the risk assessment instrument, granted the People's application for an upward departure from the presumptive risk level, in effect, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
Correction Law § 168-n(3) requires a court making a risk level determination to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (see People v Green, 195 AD3d 754; People v Porciello, 193 AD3d 993). Here, the County Court failed to adequately set forth findings of fact and conclusions of law to support its determination to grant the People's request for an upward departure from the presumptive risk level. Nevertheless, remittal is not necessary because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Green, 229 AD3d 814, 815; People v Walker, 208 AD3d 1190, 1192; People v Porciello, 193 AD3d at 993-994).
An upward departure from the presumptive risk level is permitted only if the court determines, upon clear and convincing evidence, "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861). "After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Santos, 160 AD3d 673, 673, quoting People v Gillotti, 23 NY3d at 861; see People v Ortner, 209 AD3d 884, [*2]885).
Here, the People established, by clear and convincing evidence, the existence of aggravating factors not adequately taken into account by the Guidelines which justified an upward departure. Specifically, the contents of a police report from 1997 constituted clear and convincing evidence that the defendant had committed uncharged crimes of a sexual nature (see People v Pierre, 223 AD3d 923, 924; People v Torres, 204 AD3d 1048, 1049; People v Bailey, 187 AD3d 951, 952). A presentence investigation report and the case summary prepared by the Board of Examiners of Sex Offenders provided clear and convincing evidence of the defendant's self-reported addiction to child pornography and that his conduct went beyond accessing images of child pornography, since he groomed multiple families to access their children (see People v Walker, 208 AD3d at 1192; People v Lavelle, 172 AD3d 1568, 1569). Moreover, when weighed against the totality of the circumstances, the aggravating factors warranted an upward departure (see People v Gillotti, 23 NY3d at 861).
Additionally, the County Court did not improperly, in effect, deny the defendant's application for a downward departure from the presumptive risk level. The defendant failed to establish an appropriate mitigating factor by a preponderance of the evidence (see id.; People v Wyatt, 89 AD3d 112, 128). His completion of a sex offender treatment program was adequately taken into account by the Guidelines (see People v Infantino, 215 AD3d 768, 771; People v Abdullah, 210 AD3d 704, 706) and he did not set forth how his age would lower his risk of reoffending (see People v Levy, 192 AD3d 928, 930; People v Santiago, 137 AD3d 762, 764).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court