THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MUDD, Appellant. [843 NYS2d 135]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated August 26, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

On January 9, 1995 the defendant, who had already been convicted of a felony in New York, pleaded guilty in the California Superior Court to robbery and forcible penetration. The convictions resulted from his sexual assault on a female victim, which included manual vaginal penetration. The defendant was imprisoned in California, released on parole, and returned to prison for failing to register in California as a sex offender.

Upon his subsequent return to New York, the defendant was evaluated for registration as a New York sex offender. The risk assessment instrument prepared by the Board of Examiners computed a score of 85, which was a level two classification, but strongly recommended an upward departure to a level three classification due to his conviction in California. The Board of Examiners stated that the defendant intended to rape the victim, and was stopped only by the return of the victim's boyfriend. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C, hereinafter SORA), the Supreme Court determined that a departure from the presumptive risk level was warranted. The court stated that the defendant failed to register as a sex offender in California and was returned to prison as a parole violator, the defendant had a "history of violence," he was "defiant and disrespectful," he denied his guilt in the California sex offense, and he refused "to accept any responsibility for his actions." The Supreme Court noted that the underlying California sex offense for which the defendant was convicted was the equivalent of attempted rape in the first degree in New York. The Supreme Court adjudicated the defendant a level three sex offender. The defendant appeals,

claiming that there was an inadequate basis for an upward departure to a level three classification.

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the risk assessment instrument based upon the facts in the record (*see People v Guaman,* 8 AD3d 545, 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman,* 8 AD3d at 545, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]). "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri,* 21 AD3d 404, 406 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see People v Mount,* 17 AD3d 714, 715 [2005]; *People v Girup,* 9 AD3d 913, 913 [2004]; *People v Gauman,* 8 AD3d at 545).

Here, in departing from the presumptive risk level, the Supreme Court properly considered the defendant's parole violations, his history of violence, his defiant and disrespectful behavior, his refusal to accept responsibility for his actions, and his prior violent convictions, including the recent California conviction for robbery and forcible penetration, the facts of which meet the required elements of New York's crime of attempted rape in the first degree. Thus, although the defendant's total risk factor score of 85 resulted in his presumptive classification as a level two risk pursuant to SORA, the Supreme Court's determination that the defendant was a level three risk was supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Brown,* 302 AD2d 919, 920 [2003]).

Accordingly, the Supreme Court providently exercised its discretion in designating the defendant a level three sex offender (*see* Correction Law § 168-m). Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.