■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. ARCIOLA, Appellant. [862 NYS2d 908]—Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated November 4, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to the Sex Offender Registration Act (Correction Law art 6-C), a hearing court has the discretion to depart from the presumptive risk level determined by the risk assessment instrument (*see People v Hines*, 24 AD3d 524, 525 [2005]; *People v Girup*, 9 AD3d 913 [2004]; *People v Guaman*, 8 AD3d 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman*, 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Ventura*, 24 AD3d 527 [2005]; *People v Hines*, 24 AD3d 524, 525 [2005]; *People v Dexter*, 21 AD3d 403, 404 [2005]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v White*, 25 AD3d 677 [2006]; *People v Guaman*, 8 AD3d 545 [2004]).

Here, the County Court providently exercised its discretion in departing from the presumptive risk level and designating the defendant a level three sex offender (*see People v Hands*, 37 AD3d 441, 442 [2007]). In this regard, the County Court properly considered, inter alia, the defendant's prior extensive criminal history and his parole violations (*see People v Kettles*, 39 AD3d 1270, 1271 [2007]).

The defendant's remaining contention is without merit. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.