██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN GRANT, Appellant. [921 NYS2d 536]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated October 14, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Although departures from the presumptive risk level determined by the risk assessment instrument are the exception rather than the rule (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *People v Taylor*, 78 AD3d 1141 [2010], *lv denied* 16 NY3d 707 [2011]; *People v Frosch*, 69 AD3d 699 [2010]; *People v Arciola*, 54 AD3d 741 [2008]), a hearing court has the discretion to upwardly depart from the presumptive risk level based upon facts in the record where clear and convincing evidence demonstrates the

existence of "an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Johnson*, 11 NY3d 416, 421 [2008]; *People v Taylor*, 78 AD3d 1141 [2010]; *People v Smith*, 78 AD3d 805 [2010], *lv denied* 16 NY3d 704 [2011]; *People v Frosch*, 69 AD3d 699 [2010]).

Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in upwardly departing from the presumptive risk level and designating him a level three offender based upon clear and convincing evidence of aggravating factors not accounted for in the risk assessment instrument, including, inter alia, his acts of sexual misconduct while incarcerated prior to the commission of the subject offense, and a pending indictment charging him with the commission of a new sexual offense (*see People v Farrell*, 78 AD3d 1454 [2010]; *People v Sherard*, 73 AD3d 537 [2010]; *People v Clark*, 68 AD3d 485 [2009]; *People v Arciola*, 54 AD3d 741 [2008]; *People v Mudd*, 43 AD3d 1128, 1129 [2007]). Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.