■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO SCOTT, Appellant. [925 NYS2d 351]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated February 24, 2009, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

"[U]tilization of the risk assessment instrument will gener-

ally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman*, 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Martin*, 79 AD3d 717 [2010]). However, "an objective instrument, no matter how well designed, will not fully capture the nuances of every case" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). An upward departure from the presumptive risk level is warranted where "there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (*id.*; *see People v Lee*, 77 AD3d 897, 898 [2010]; *People v Bowens*, 55 AD3d 809, 810 [2008]).

Here, the People presented evidence, including the defendant's own admission, establishing that he intended to rape the victim, but his attempt was thwarted by a police officer who heard the victim screaming for help. This was an aggravating factor of a kind, or to a degree, otherwise not adequately taken into account by the guidelines. Since the rape was not completed, the defendant was assessed only 10 points under factor 2 for touching that occurred under the clothing, and not 25 points for sexual intercourse. As a result, the defendant's total assessment was 65 points, placing him at level one. However, it is "evident that [the defendant] intended to rape his victim, [and] that the lack of points in this category result[ed] in an under-assessment of the [defendant's] actual risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 9 [2006]; *see People v Mudd*, 43 AD3d 1128, 1129 [2007]). Accordingly, the Supreme Court providently exercised its discretion in upwardly departing from level one to level two (*see People v Mudd*, 43 AD3d at 1129).

The defendant's remaining contentions are academic. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.