■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ROBINSON, Appellant. [54 NYS3d 74]—

Appeals by the defendant from (1) an order of the Supreme Court, Nassau County (Delligatti, J.), dated March 4, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C, (2) a decision of the same court dated March 31, 2014, and (3) an amended decision of the same court dated April 3, 2014.

Ordered that the appeals from the decision and the amended decision are dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The defendant argues that the Supreme Court erred in upwardly departing from his presumptive risk level under the Sex Offender Registration Act (Correction Law art 6-C), so as to designate him a level two sex offender. An upward departure is permitted only if the court concludes that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]; People v Gillotti, 23 NY3d 841, 861 [2014]; People v Ziliox, 145 AD3d 925 [2016]). After such a factor is identified, and if the facts supporting the existence of the factor have been proved by clear and convincing evidence, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Ziliox, 145 AD3d 925 [2016]).

Here, contrary to the defendant's contention, the Supreme Court properly determined that the People presented clear and convincing evidence in the form of reliable hearsay (see People v Sincerbeaux, 27 NY3d 683 [2016]) proving the existence of an aggravating factor not adequately taken into account by the Guidelines. Specifically, the People established that the defendant's evident intent was to engage in sexual intercourse with the then-14-year-old complainant, and that his attempt was only thwarted by her brother's entrance into the room (see Guidelines at 9; People v Scott, 85 AD3d 890, 891 [2011]). Since

the rape was not completed, the defendant was assessed only 10 points under factor 2 for touching under the complainant's clothing, and not 25 points for sexual intercourse. Under these circumstances, the court did not improvidently exercise its discretion in determining that an upward departure was warranted to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (*see id.* at 891).

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.