People v Amorin (2018 NY Slip Op 06279)





People v Amorin


2018 NY Slip Op 06279


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2011-06852

[*1]People of State of New York, respondent,
v
Edward Amorin, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Westchester County (Susan Cacace, J.), entered June 2, 2011. The order, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to rape in the first degree, assault in the second degree, and unlawful imprisonment in the first degree. Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court granted the People's application for an upward departure from the presumptive risk level two designation, and designated the defendant a level three sex offender. On appeal, the defendant contends that the court should have denied the People's request for an upward departure.
"An upward departure from the presumptive risk level is permitted only if the court determines, upon clear and convincing evidence, that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] [G]uidelines'" (People v Diaz, 151 AD3d 891, 891, quoting SORA: Risk Assessment Guidelines and Commentary at 4 [2006]; see People v Gillotti, 23 NY3d 841, 861; People v Ziliox, 145 AD3d 925). Here, the People presented clear and convincing evidence of aggravating factors not adequately taken into account by the SORA Guidelines, including, inter alia, the defendant's subsequent criminal conduct following the underlying sex offense (see People v Palmer, 68 AD3d 1364, 1366), and his history of violence with the complainant (see People v Shim, 139 AD3d 68, 77; People v James, 45 AD3d 555, 556; People v Mudd, 43 AD3d 1128, 1129). Accordingly, we agree with the County Court's determination to grant the People's application for an upward departure from the presumptive risk level and to designate the defendant a level three sex offender.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court