People v Guadeloupe (2019 NY Slip Op 04736)





People v Guadeloupe


2019 NY Slip Op 04736


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-11631

[*1]People of State of New York, respondent,
v
Alyster Guadeloupe, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated November 18, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 80 points, which was within the range for a presumptive designation as a level two sex offender. The court, however, granted the People's request for an upward departure to a level three designation. On appeal, the defendant challenges the assessment of points under risk factors 12 and 13, and the granting of the People's request for an upward departure to designate him a level three sex offender.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Holmes, 166 AD3d 821, 822; People v LeGrand, 152 AD3d 722, 722; People v Crandall, 90 AD3d 628, 629). Here, we agree with the Supreme Court's assessment of 10 points under risk factor 12, since the People established, by clear and convincing evidence, that the defendant had not genuinely accepted responsibility for his conduct (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006] [hereinafter SORA Guidelines]; People v Fonteboa, 149 AD3d 880, 881; People v Benitez, 140 AD3d 1140, 1140-1141; People v Jackson, 134 AD3d 1580, 1581; People v Mosley, 106 AD3d 1067, 1068). In this regard, the People relied upon, inter alia, the defendant's responses during his probation interview and recent treatment records showing that the defendant "needs to work on taking full responsibility and accountability of offense without minimizing and justifying his behaviors."
We also agree with the Supreme Court's assessment of 10 points under risk factor 13, since the People established, by clear and convincing evidence, that the defendant's conduct while confined was unsatisfactory. The case summary indicated that the defendant incurred multiple disciplinary violations while he was incarcerated, including 2 tier III disciplinary violations and 21 tier II disciplinary violations (see People v Holmes, 166 AD3d at 822; People v Marquez, 165 AD3d [*2]986, 987; People v Lima-Sanchez, 162 AD3d 698, 698-699; People v Bower, 157 AD3d 833).
"An upward departure from the presumptive risk level is permitted only if the court determines, upon clear and convincing evidence, that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA guidelines" (People v Brown, 163 AD3d 727, 728 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861). Contrary to the defendant's contention, the People proved, by clear and convincing evidence, that aggravating factors to a degree not adequately taken into account by the SORA Guidelines existed. These aggravating factors included the degree of violence used by the defendant in the underlying offense, the defendant's protracted criminal history, which includes numerous prior violent criminal convictions, and the extensive number of his infractions while incarcerated. Accordingly, the Supreme Court providently exercised its discretion in granting the People's request for an upward departure (see People v Brown, 163 AD3d at 728; People v Mudd, 43 AD3d 1128, 1129), and the defendant was properly designated a level three sex offender.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court