People v Ocean (2020 NY Slip Op 07607)





People v Ocean


2020 NY Slip Op 07607


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-09361

[*1]People of State of New York, respondent,
v
Rodrigo Ocean, appellant.


Janet E. Sabel, New York, NY (Rachel L. Pecker of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H.
Branigan, and Mizra Hadzic of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Karen Gopee, J.), dated August 8, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Supreme Court granted the People's application for an upward departure from the defendant's presumptive level one risk designation and designated him a level two sex offender.
We agree with the defendant's contention that the People failed to submit clear and convincing evidence supporting an assessment of points under risk factor 7 (see People v Mabee, 69 AD3d 820). Nevertheless, even considering that the defendant should have received a total score of 50 on the risk assessment instrument, the SORA court providently exercised its discretion in upwardly departing from the defendant's presumptive level one risk designation.
An upward departure is permitted only if the People prove, by clear and convincing evidence, the existence of an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (see SORA: Risk Assessment Guidelines and Commentary at 4 [2006; hereinafter the Guidelines]; People v Gillotti, 23 NY3d 841, 861). "[T]he court must then exercise its discretion by weighing the aggravating circumstances and any mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v McKenna, 186 AD3d 1542, 1543; see People v Gillotti, 23 NY3d 841, 861).
Here, the evidence demonstrated that the defendant demanded at knife point that the complainant engage in sexual intercourse with him, threatened to kill the complainant when she refused, and removed his own clothing. This evidence and the defendant's plea of guilty demonstrated that the defendant's intent was to forcibly engage in sexual intercourse with the complainant. His attempt, however, was thwarted by the complainant, who was able to fight off the attack despite sustaining injuries inflicted by the defendant. Since the rape was not completed, the [*2]defendant was not assessed points under risk factor 2 for having sexual intercourse with the complainant. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in determining that an upward departure was warranted to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see Guidelines at 9; People v Robinson, 150 AD3d 775; People v Scott, 85 AD3d 890, 891; People v DeDona, 102 AD3d 58, 69).
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court