People v Martin (2022 NY Slip Op 06947)

People v Martin

2022 NY Slip Op 06947

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-13697

[*1]The People of the State of New York, respondent, 
v
Joseph Martin, appellant. Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel; Bradley Tidwell on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated October 28, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of attempted rape in the first degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court determined that the defendant was presumptively a level one sex offender. However, the court determined, upon the People's application, that an upward departure was warranted, and thus designated the defendant a level two sex offender. The defendant appeals.
A party seeking a departure from the presumptive SORA risk level has the initial burden of (1) identifying, as a matter of law, an appropriate aggravating or mitigating factor, namely, a factor which tends to establish a higher or lower likelihood of reoffense or danger to the community, respectively, and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence (see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 123-124; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). The People are required to prove the facts in support of an upward departure by clear and convincing evidence, whereas a defendant seeking a downward departure must prove the supporting facts by a preponderance of the evidence (see People v Gillotti, 23 NY3d at 862, 864). If a party meets its initial burden, "the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id. at 861).
The risk level classification derived from an offender's numerical score on the risk assessment instrument (hereinafter RAI) "is not binding on the courts; rather, it is presumptive in nature, with '[t]he expectation [being] that the instrument will result in the proper classification in most cases so that departures will be the exception——not the rule'" (People v Rodriguez, 196 AD3d [*2]43, 48, quoting Guidelines at 4). The applicable guidelines and commentary for risk factor 2 (sexual contact with victim) provide that an upward departure may be warranted where the lack of points assessed in this category may result in an underassessment of the offender's actual risk to public safety (see Guidelines at 9). Here, although the defendant had already been assessed 10 points on the RAI under risk factor 2, the Board of Examiners of Sex Offenders and the Supreme Court both found that this did not fully account for the predatory nature of the offenses, since clear and convincing evidence, in the form of the defendant's own admissions, showed that he intended to rape at least his first victim and was unable to complete the offense only because he was chased away by bystanders who came to her aid (see People v Robinson, 150 AD3d 775; People v Scott, 85 AD3d 890).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the People's application for an upward departure and designated the defendant a level two sex offender.
DILLON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court