People v Hernandez (2023 NY Slip Op 05276)

People v Hernandez

2023 NY Slip Op 05276

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-08025

[*1]People of State of New York, respondent,
v
Juan Hernandez, appellant.

Thomas R. Villecco, Jericho, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Autumn S. Hughes of counsel; Fatima Pasha on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Christopher Hoefenkrieg, J.), dated September 19, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing held pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court granted the People's application for an upward departure from the defendant's presumptive risk level one to risk level two.
"A court is permitted to depart from the presumptive risk level if 'special circumstances' warrant departure" (People v DeWoody, 127 AD3d 831, 831, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines'" (People v Richardson, 101 AD3d 837, 838, quoting Guidelines at 4). "The People must prove the facts in support of the aggravating factor by clear and convincing evidence, and '[o]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public'" (People v Wilkerson, 214 AD3d 683, 684, quoting People v DeDona, 102 AD3d 58, 68).
Contrary to the defendant's contention, the People presented clear and convincing evidence of aggravating factors not adequately taken into account by the Guidelines. Specifically, the People established that the defendant's intent was to rape the complainant, but that his attempt was thwarted by the arrival of the complainant's sister and the complainant's boss (see People v Robinson, 150 AD3d 775; People v Scott, 85 AD3d 890). The People further established that the defendant not only sexually assaulted the complainant, but physically restrained her so that the defendant's accomplices could sexually assault her as well (see People v Harrell, 168 AD3d 890, 890).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit (see id.).
Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure and designating the defendant a level two sex offender.
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court