People v DeJesus-Jiminez (2024 NY Slip Op 05993)

People v DeJesus-Jiminez

2024 NY Slip Op 05993

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-05481

[*1]The People of the State of New York, respondent,
v
Juan DeJesus-Jiminez, appellant.

Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Natalie Tetuan on the brief), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated April 27, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to attempted rape in the second degree, admitting that while he was a 54-year-old patient at a rehabilitation and nursing facility, he attempted to rape an 82-year-old patient at the facility who suffered from advanced dementia. The defendant now appeals from an order designating him a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C).
Contrary to the defendant's contention, the Supreme Court properly assessed the defendant 20 points under risk factor 7 of the risk assessment instrument based on a stranger relationship between the victim and the defendant (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006] [hereinafter Guidelines]; People v Thomas, 226 AD3d 1292, 1294; People v Luna, 187 AD3d 805, 806). In addition, contrary to the defendant's contention, under the circumstances of this case, the assessment of points under both risk factors 5 and 6 did not constitute impermissible double counting (see Guidelines at 11; People v Savino, 222 AD3d 792; People v Romero, 215 AD3d 773, 773-774).
The Supreme Court providently exercised its discretion in granting the People's application for an upward departure from the defendant's presumptive designation as a level two sex offender. The People established by clear and convincing evidence the existence of an aggravating factor, namely, that the defendant intended to rape the victim but was thwarted by the arrival of a nurse (see Guidelines at 9; People v Hernandez, 220 AD3d 891, 892; People v Martin, 211 AD3d 757, 758). The totality of the circumstances warranted an upward departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861).
The defendant's remaining contention is without merit.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court