People v Hernandez-Sanchez (2025 NY Slip Op 06197)

People v Hernandez-Sanchez

2025 NY Slip Op 06197

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-01120

[*1]The People of the State of New York, respondent, 
v
Emerito Hernandez-Sanchez, appellant. 

Richard M. Langone, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Michelle Kaszuba and Monica M. C. Leiter of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Christopher Hoefenkrieg, J.), dated January 4, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of rape in the second degree. After a risk assessment hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court granted the People's application for an upward departure from the defendant's presumptive risk level one designation and designated the defendant a level two sex offender. The defendant appeals.
The Supreme Court failed to set forth findings of fact and conclusions of law to support its determination to grant the People's request for an upward departure from the presumptive risk level, as mandated by Correction Law § 168-n(3) (see People v Melycher, 232 AD3d 711, 712). However, remittal is not required because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see id.; People v Hernandez, 213 AD3d 705, 706-707).
"Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor 'of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines'" (People v Burkhardt, 215 AD3d 696, 697, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]; see People v Gillotti, 23 NY3d 841, 861). "The People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Wilkerson, 214 AD3d 683, 684; see People v Burkhardt, 215 AD3d at 697). "Once this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public" (People v DeDona, 102 AD3d 58, 68; see People v Cortez, 232 AD3d 675, 676).
Contrary to the defendant's contention, the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the Guidelines, namely, that the defendant had engaged in prior incidents of sexual misconduct (see People v Burkhardt, 215 AD3d at 697; People v Torres, 204 AD3d 1048, 1049; People v Woodson, 156 AD3d 832, 833). [*2]Further, when weighed against the totality of the circumstances, the aggravating factor warranted an upward departure from the presumptive risk level one designation (see People v Gillotti, 23 NY3d at 861).
BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court