People v Kreig (2026 NY Slip Op 00161)

People v Kreig

2026 NY Slip Op 00161

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2025-01603

[*1]The People of the State of New York, respondent,
vTyson Kreig, appellant.

Hacker Murphy, LLP, Troy, NY (James C. Knox of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Jessica Z. Segal, J.), dated February 3, 2025, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted sexual abuse in the first degree and six counts of rape in the third degree. After a risk assessment hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court granted the People's application for an upward departure from the defendant's presumptive risk level two designation and designated the defendant a level three sex offender. The defendant appeals.
"Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor 'of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines'" (People v Wilkerson, 214 AD3d 683, 684, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861). "'An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument'" (People v Terrell, 237 AD3d 982, 982, quoting People v DeDona, 102 AD3d 58, 68). "'The People must prove the facts in support of the aggravating factor by clear and convincing evidence'" (People v Hernandez-Sanchez, _____ AD3d _____, _____, 2025 NY Slip Op 06197, *1, quoting People v Wilkerson, 214 AD3d at 684). "'Once this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public'" (id., quoting People v DeDona, 102 AD3d at 68).
Here, the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the Guidelines. Specifically, the People established that the defendant's offenses were predatory, premeditated, and involved him luring seven different victims to his home located in a remote location for the sole and intended purpose of raping them (see e.g. People v Martin, 211 AD3d 757, 757; People v Kotler, 123 AD3d 992, 993; People v Coleman, 85 AD3d 690, 690-691). Moreover, the County Court providently exercised its discretion in [*2]determining that the totality of the circumstances warranted an upward departure to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
The defendant's remaining contentions are without merit.
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court